IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS MOJICA-DÍAZ,

     Plaintiff,

        v.                         CIVIL NO.: 11-1755 (MEL)

UNITED STATES OF AMERICA,

     Defendant.

**OPINION AND ORDER**

On August 3, 2011, plaintiff Luis Mojica-Díaz ("Mojica" or "plaintiff") filed a complaint against defendant United States of America ("defendant") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA"), alleging that plaintiff was injured during a collision due to negligent driving by an employee of the Federal Bureau of Investigation ("FBI").[1] Pending before the court is defendant's motion for summary judgment (D.E. 15), as well as plaintiff's response in opposition (D.E. 22).  For the reasons set forth below, the motion for summary judgment is denied.

I.    SUMMARY OF UNCONTESTED MATERIAL FACTS

On January 15, 2009, there was a collision between vehicles driven by Efraín Cruz González ("Cruz") and Shawanda Mitchell ("Mitchell"), a special agent employed by the FBI. Mojica was a passenger in the vehicle driven by Cruz, a friend of Mojica's older son.  The owner of the vehicle was Efraín Cruz Beltrán.  At the time of the incident, Mitchell was on duty and

---

[1] The FBI was also named as a defendant, but was dismissed because "the FTCA requires that the named defendant in an FTCA action be the United States and only the United States." Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000); Docket No. 26; see also Afanador v. U.S. Postal Serv., 976 F.2d 724 (1st Cir. 1992) ("The FTCA states clearly that the defendant in an FTCA action is the United States, and not its agencies.").  Thus, the United States is the only remaining defendant in this case.

conducting official business.  Mitchell was driving a 2004 Chevrolet Impala, which was owned by the FBI.  Docket No. 7, at 2; Docket No. 16, ¶¶ 1-5; Docket No. 22-1, ¶¶ 1-5.

The collision occurred at or near the intersection of Route 165 and Fonalleda Boulevard. Route 165 is "the principal road" to the municipality of Toa Baja.  Fonalleda Boulevard is "a secondary road."  Mojica did not file a civil complaint against Cruz or his insurance company. Docket No. 16, ¶¶ 2, 7, 8, 13; Docket No. 22-1, ¶¶ 2, 7, 8, 13.

## II.    LEGAL STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."  Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992).  Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.  A fact is material if it has the potential of determining the outcome of the litigation.'" Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'"  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug., Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific

facts" in the record "that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). The plaintiff need not, however, "rely on *uncontradicted* evidence …. So long as the plaintiff's evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## III.  ANALYSIS

Defendant argues that summary judgment is appropriate because "it is uncontested that the accident was caused by the driver of the vehicle where Plaintiff was traveling, and not by the FBI agent." Docket No. 17, at 7. In response, plaintiff points to, *inter alia*, Cruz's sworn statement, an account of the January 15, 2009, incident (D.E. 22-2). Defendant contends that Cruz's statement should be rejected because it "is self serving and conclusory." Docket No. 23, ¶¶ 1-2.

Defendant's "attempt to discount" Cruz's statement "as 'self-serving' misses the mark." Cadle Co. v. Hayes, 116 F.3d 957, 961 n.5 (1st Cir. 1997). "'[A] party can rely on … self-

serving affidavits containing relevant information to oppose a motion for summary judgment.'" Del Toro-Pacheco v. Pereira-Castillo, 662 F. Supp. 2d 202, 212 (D.P.R. 2009) (quoting Rivera-Santiago v. Abbott Pharm. PR Ltd., 609 F. Supp. 2d 167, 174 (D.P.R. 2009)), aff'd sub nom. Del Toro Pacheco v. Pereira, 633 F.3d 57 (1st Cir. 2011).  Such a document "may be self-serving, but it is nonetheless competent to support or defeat summary judgment."  Cadle Co., 116 F.3d at 961 n.5.

Rather, the appropriate standard is that the statement "must contain specific factual information based on the party's personal knowledge."  Del Toro-Pacheco, 662 F. Supp. 2d at 212 (internal quotation omitted).   "To successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate *specific* facts which establish a genuine issue for trial."  Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 (1st Cir. 1988).  "Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56."  Id.

Here, Cruz's sworn statement includes specific factual information sufficient to demonstrate a genuine issue of material fact.  Cruz allegedly "saw that the 2004 Chevrolet Impala … continued moving along very rapidly and did not slow down."  Docket No. 22-2, ¶ 7. At the time Cruz "started moving to turn towards Boulevard Fonalledas," the Chevrolet Impala appeared to him to be "far enough away from the intersection so that [he] had enough time to cross Avenue 165."  Id. ¶ 8.  Cruz observed that the vehicle "was moving at a speed that was higher than usual or permitted in that area and that at no time did [Mitchell] slow down."  Id. ¶ 11.  Furthermore, even if it were uncontested that Cruz was also negligent,[2] summary judgment

---

[2] The issue of whether Cruz was negligent, however, is not uncontested.  Cruz indicated that, "before continuing towards Boulevard Fonalledas," he stopped at the SOLO sign, "looked out to make sure that the vehicles coming from the other direction were far away, … and ma[de] sure that [he] could continue moving."  Docket No. 22-2, ¶¶ 6-7.  Furthermore, plaintiff argues that much of the documentation in support of the defendant's proffered facts

would not be appropriate because Puerto Rico uses a comparative negligence framework.  <u>Rivera Santiago v. United States</u>, CIV. 08-1266 (RLA), 2009 WL 702235 (D.P.R. Mar. 11, 2009).  "Art. 1802 specifically provides that the negligence of a plaintiff will not bar a tort-based claim but rather that the relief awarded shall be reduced proportionate to the degree of plaintiff's negligence."[3]  <u>Id.</u>  Because the issue of whether Mitchell was negligent is contested, judgment as a matter of law is inapposite.  It is not the role of the court at the summary judgment stage to weigh evidence and make a determination as to whether there was negligence by either party.  It is the role of the court "to decide whether the evidence presented is sufficient to entitle the defendant to judgment as a matter of law."  <u>Sandoval Díaz v. Sandoval Orozco</u>, 296 F. Supp. 2d 122, 126 (D.P.R. 2003).  In this case, plaintiff presents non-conclusory evidence tending to show that Mitchell was negligent and that Cruz was not.  Plaintiff has demonstrated the existence of genuine issues of material fact.

## IV.  CONCLUSION

Based on the foregoing analysis, there is a genuine issue of material fact.  Thus, the Court hereby **DENIES** defendant's motion for summary judgment (D.E. 15).

---

tending to show that Cruz was negligent—police report (D.E. 16-2); accusation filed in Puerto Rico Court of First Instance, Toa Alta Part (D.E. 16-3); minutes of state court proceedings (D.E. 16-4); and insurance company letter (D.E. 16-5)—constitutes hearsay.  Docket No. 22-1, ¶¶ 2, 9-12; FED. R. EVID. 802.  Nevertheless, the admissibility of these documents does not need to be addressed here, because, as discussed <u>infra</u>, plaintiff presents sufficient evidence to establish genuine issues of material fact.

[3] Plaintiff's actual cause of action is under Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN., tit. 31, § 5141.  Article 1802 is "'Puerto Rico's basic tort statute[,] … impos[ing] liability on any person or entity who by an act or omission causes damages to another through fault or negligence."  <u>Ocasio v. Hogar Geobel Inc.</u>, 693 F. Supp. 2d 167, 176 (D.P.R. 2008) (quoting <u>Matos Ortíz v. Commonwealth of Puerto Rico</u>, 103 F.Supp.2d 59, 63 (D.P.R.2000)).  The FTCA is a limited waiver of immunity, "not a federal remedial scheme."  <u>Denson v. United States</u>, 574 F.3d 1318, 1336 (11th Cir. 2009).  "[T]he violation of a federal statute or regulation by government officials does not of itself create a cause of action under the FTCA."  <u>Art Metal-U.S.A., Inc. v. United States</u>, 753 F.2d 1151, 1157 (D.C. Cir. 1985).  "[T]he FTCA, by its terms, does not create new causes of action; rather, it makes the United States liable in accordance with applicable local tort law."  <u>Id.</u>

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of November, 2012.

s/Marcos E. López
U.S. Magistrate Judge
