IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS MOJICA-DÍAZ,

    Plaintiff,

    v.                                    CIVIL NO.: 11-1755 (MEL)

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

**I.    BACKGROUND**

On August 3, 2011, plaintiff Luis Mojica Díaz ("plaintiff") filed a complaint against defendant United States of America ("defendant" or "the government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (D.E. 1). In the complaint, plaintiff alleges that the negligent driving of Shawinda Drummond ("Drummond"), a Special Agent for the Federal Bureau of Investigation ("FBI"), caused a collision between Drummond's car and a car in which plaintiff was a passenger.

On January 30, 2013, the court held a bench trial in the instant case. After carefully considering the evidence presented at trial, the court determines for the reasons set forth below that defendant is not liable for any injuries arising from the aforementioned collision.

**II.    FINDINGS OF FACT[1]**

In the morning of January 15, 2009, Drummond was driving a vehicle owned by the FBI on the same road as, but in the opposite direction from, a vehicle driven by Efraín Pablo Cruz

---

[1] The following findings of fact were either taken from the joint trial stipulations (D.E. 35) or made based on the evidence adduced at trial.

González ("Cruz").  Drummond was driving in the right-hand lane from her perspective.[2] Plaintiff was a passenger in the car driven by Cruz.  No person in Cruz's car had a driver's license, including plaintiff and Cruz.  Cruz's car arrived to the left-turn-only lane and stopped. Cruz moved the car forward, without invading the oncoming traffic lanes, and stopped again. Cruz then began to turn left.  Before Cruz could complete the turn, Drummond's car collided into the side of Cruz's car.

Plaintiff was hospitalized between January 15 and 23, 2009, participated in sixteen sessions of physical therapy, and attended a pain clinic where he received trigger point injections.  Dr. Carlos Grovas-Badrena evaluated plaintiff on December 23, 2010, and concluded that he had a 5% whole person impairment resulting from fifteen fractures in the rib cage, lumbar spine, left sacrum, and right iliopubis.

### III.  ANALYSIS

Article 1802 of the Puerto Rico Civil Code provides for damages caused by a defendant's negligent behavior.  It states that "[a] person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141.  To state a claim for damages under this provision, a plaintiff must establish three elements: (1) a negligent or wrongful act or omission; (2) proof of damages; and (3) a causal connection between the damages and the action or omission.  Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007) (citing Torres v. Kmart Corp., 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002)); Ramallo Bros. Printing, Inc. v. El Día, Inc., 392 F. Supp. 2d 118, 143 (D.P.R. 2005).

---

[2] Although Drummond testified that she was in the left lane from her vantage point, she also stated that she was unsure of that fact.  On the other hand, both plaintiff and Cruz, without expressing uncertainty, indicated that Drummond's car was on the right lane from her perspective.  Thus, the court determines that Drummond's vehicle was on the right lane from her vantage point.

Plaintiff has met the second element of Article 1802 by introducing uncontroverted testimony that he suffered from fifteen fractures throughout his rib cage, back, and pelvic region, and now has a 5% total whole person impairment. Nevertheless, plaintiff must also establish that defendant committed a negligent or wrongful act or omission which caused the aforementioned damages.

As an initial matter, the mere fact that Cruz, who is not a party in this case, did not have a driver's license and was not accompanied by a licensed driver is insufficient, in and of itself, to establish that he was negligent. "Under Commonwealth law, liability for damages arising out of an automobile accident is not dependent on whether the driver is licensed or not …." Castro-Rivera v. Citibank, N.A., Civ. No. 98-2439 (JAG), 2002 U.S. Dist. LEXIS 10586, at *1 (D.P.R. Mar. 19, 2002), report and recommendation adopted, 195 F. Supp. 2d 363, 364 (D.P.R. 2002). In other words, "the fact that … the driver does not have a license as required by law … does not mean that … the driver is liable when the failure to … obtain the license to operate it bears no causal nexus with the injury or damage inflicted." Negrón García v. Noriega Ortiz, 17 P.R. Offic. Trans. 681, 686 (1986). Furthermore, plaintiff testified that he did not know that Cruz did not have a driver's license until after the accident. Thus, even if Cruz were held to be negligent simply for driving without a license—a conclusion not reached in this opinion—plaintiff would not also be held negligent.

Moreover, "[p]ursuant to Puerto Rico law, two or more individuals whose combined negligence causes plaintiff's injuries can be held jointly and severally liable as joint tortfeasors for plaintiff's damages." López de Robinson v. United States, 162 F.R.D. 256, 259 (D.P.R. 1995); see also Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 80 n.1 (1st Cir. 1998). As a result, "injured parties may collect the full amount of the damages from one,

3

some, or all of the joint tortfeasors." Id.; P.R. Laws Ann. tit. 31, § 3108. Although defendant may have a right of contribution against Cruz if plaintiff were to succeed in this case, see P.R. Laws Ann. tit. 31, § 3109,[3] it would be "liable to [plaintiff] in the first instance for the total amount of the award." Ruiz-Troche, 161 F.3d at 80 n.1.

Comparative negligence under Puerto Rico law applies to reduce a defendant's liability where there is "[c]oncurrent imprudence of the party aggrieved." P.R. Laws Ann. tit. 31, § 5141. This does not necessarily imply, however, that a defendant's liability is reduced with respect to a particular plaintiff due to the concurrent imprudence of a third party. See Torres Pérez v. Medina Torres, 13 P.R. Offic. Trans. 96, 105 (1982) ("[T]he compensation awarded to a plaintiff cannot be reduced based on the contributory negligence incurred by another coplaintiff as cause of the accident, unless the latter's negligence could be imputed to the former."). Correspondingly, negligence attributable to Cruz as the driver of the vehicle is generally not imputed to plaintiff as the passenger. See Vélez Rodríguez v. Amaro Cora, 138 D.P.R. 182, 1995 P.R.-Eng. 905,697 (1995) ("It is 'the general rule recognized in this jurisdiction that the negligence of the conductor of a vehicle can not be imputed to a passenger.'"). As such, evidence that Cruz was negligent would not entail a reduction of defendant's liability under Puerto Rico's comparative negligence framework.

Nor does the FTCA provide any reason under these circumstances to reduce the amount of a negligent defendant's liability. "[A] thorough review of the FTCA and related statutes fails to turn up any language purporting to relieve the United States of properly applied joint and

---

[3] The right to contribution under Puerto Rico law (*nivelación*) "accrues when a joint tortfeasor pays more than his proportional share of liability." Wojciechowicz v. United States, 474 F. Supp. 2d 291, 295 (D.P.R. 2007). "[W]hile the right of contribution does not accrue before judgment is satisfied, an alleged joint tortfeasor defendant may at the outset of litigation implead all who by their concurrent negligence might be liable to him for contribution." Corning Glass Works v. Puerto Rico Water Res. Auth., Inc., 396 F.2d 421, 423 (1st Cir. 1968). Nevertheless, "there is no requirement that the joint tortfeasors be impleaded as third-party defendants, or that a cross-claim for contribution be asserted in the suit filed by an injured claimant." Wojciechowicz, 474 F. Supp. 2d at 295 (internal citations omitted).

4

several liability." Librera v. United States, 718 F. Supp. 111, 114 (D. Mass. 1989). "That the Court is unable to find such language is consonant with Congress' readily apparent intent to subject the United States to the same liability as any private individual would face under similar circumstances." Id. As such, plaintiff would not be "barred from recovering his entire damages from the United States," as defendant "only is being required to answer to the full extent of its several liability as imposed by the applicable local law." Barron v. United States, 654 F.2d 644, 647 (9th Cir. 1981). Thus, in the instant case, assuming that the combined negligence of Cruz and Drummond caused plaintiff's injuries, the government may be held fully liable for said negligence as a joint tortfeasor.

Nevertheless, plaintiff has failed to establish by a preponderance of the evidence that Drummond has committed a negligent or wrongful act or omission.[4] Plaintiff's theory of negligence is that the accident occurred because Drummond was "driving at a speed that prevented" her from stopping in time and "not paying attention" while driving. (D.E. 31, at 2).

---

[4] Moreover, it is unclear whether plaintiff has proven that defendant should be held liable for any negligent or wrongful act or omission committed by Drummond. Citing Puerto Rico's permissive use statute, plaintiff states that the special agent "had permission to use the vehicle." (D.E. 31, at 5-6); see P.R. Laws Ann. tit. 9, § 5621. The presumption of liability for owners of motor vehicles, however, is inapplicable to FTCA claims. See Meléndez Colón v. U.S., Dept. of the Navy, 56 F. Supp. 2d 147, 150 (D.P.R. 1999); Rodríguez v. United States, 455 F.2d 940, 942 (1st Cir. 1972) ("That the government employee who caused the particular injury was in the course of his employment is one of the basic requirements" of the FTCA.). The following three elements must be considered for respondeat superior liability under Puerto Rico law: "an employee's 'a) [d]esire to serve, benefit, or further his employer's business or interest[;] b) [whether] the act is reasonably related to the scope of the employment[; and] c) [whether] the agent has not been prompted by purely personal motives." Vernet v. Serrano-Torres, 566 F.3d 254, 261 (1st Cir. 2009) (quoting Borrego, 790 F.2d at 7). The mere fact that Drummond was an employee of the government driving to work in a government-owned vehicle does not establish respondeat superior liability under Puerto Rico law. See Borrego v. United States, 790 F.2d 5, 7-8 (1st Cir. 1986) (noting that "[t]he general rule in Puerto Rico is that a trip made by an employee simply in order to get from his home to his work is not one in the course of his employment" and distinguishing "the situation of an executive who rarely leaves his office on business during the day and for whom the assignment of a car is merely a perquisite" from one in which there is respondeat superior liability). Without a further showing that the assigned vehicle is more than a perquisite, such that it is the government "who is principally benefited from the more efficient use of the employee's time," id. at 7, there is no respondeat superior liability under Puerto Rico law and, thus, under the FTCA in this case. Nevertheless, the section entitled "Uncontested Material Facts" in the joint proposed pretrial order indicates that it is undisputed that the special agent who was driving the vehicle in question was "on duty and conducting official business," although it refers to "Shawanda Mitchell" rather than "Shawinda Drummond." (See D.E. 31, pt. IV, ¶ 1). Regardless, because ultimately plaintiff has failed to prove that Drummond committed a negligent or wrongful act or omission, it is unnecessary to come to a conclusion on this issue.

With regards to plaintiff's first contention, both plaintiff and Cruz testified that the speed limit was either 40 or 45 miles per hour, while Drummond stated that she believed it was 45 miles per hour. The court cannot take judicial notice or assume what is the speed limit of a particular road of Puerto Rico. It is plaintiff's burden to demonstrate by a preponderance of the evidence whether a particular contested fact should be resolved in his favor. Upon consideration of the evidence adduced at trial, plaintiff failed to prove by a preponderance of the evidence that the speed limit of the particular segment of the road where the incident occurred was below 45 miles per hour. In other words, plaintiff failed to prove that if Drummond was driving at 45 miles per hour she would have violated the speed limit.

Although she could not recall her precise speed, Drummond stated that, on the morning of the incident, she was not in a hurry, was not running late for work, and was not driving faster than any other car going in the same direction. The court finds Drummond's testimony in this area to be credible. Furthermore, no expert testimony was introduced to show that Drummond's vehicle was moving at a particular speed in excess of the limit.[5] Moreover, neither Cruz nor plaintiff testified that he *saw* defendant's car driving faster than 40 or 45 miles per hour.[6] Therefore, the court finds that Drummond was not driving at a speed in excess of the legal limit, regardless of whether it is 40 or 45 miles per hour. Although Cruz did testify that, because of the distance that defendant's car would have had to traverse in order to collide with his car, the former "would have to be driving more than the speed limit," the court concludes for the following reasons that Cruz's inference is inconsistent with the evidence adduced at trial.

Plaintiff estimated that Drummond's car was 200 feet away when he first saw it, after Cruz's car inched forward and before it turned left. Forty miles per hour is equivalent to 58.7

---

[5] This, however, should not be taken to imply that plaintiff was required to call any expert witnesses.
[6] Plaintiff did testify that, when Cruz was completing his left turn, he noticed that defendant's car was approaching fast. He did not state, however, that the car was speeding.

6

feet per second,[7] whereas 45 miles per hour is the same as 66 feet per second.[8]  Accordingly, it would take 3.4 seconds to traverse 200 feet at 40 miles per hour,[9] and 3.0 seconds at 45 miles per hour.[10]  As such, under plaintiff's own estimate of 200 feet, one can conclude that, if she was traveling at 40 or 45 miles per hour, Drummond was approximately 3.4 or 3 seconds away, respectively, when plaintiff first saw her car.

Plaintiff's estimate of 200 feet refers to when he first saw Drummond's vehicle, while Cruz's car was still stopped.  Thus, between when plaintiff and Cruz first saw Drummond's car[11] and the collision, Cruz determined that Drummond's car was sufficiently far, made the decision to proceed, began to accelerate the vehicle from a full stop at a normal pace,[12] and crossed almost two lanes of traffic.  To avoid a car 200 feet away traveling at 40 or 45 miles per hour— neither of which has been proven to violate the speed limit—Cruz would have had to complete all of this in less than 3.4 or 3 seconds, respectively.  The court concludes that Cruz's determination that he was able to turn left because there was sufficient distance between the two cars was unreasonable and that a prudent driver in Drummond's position would have had good reason to believe that Cruz would have waited until after the passing of Drummond's car.  Moreover, the fact that Drummond was already able to see Cruz's vehicle before it inched forward and stopped lends support to the conclusion that Drummond's vehicle would no longer have been far in the distance when Cruz's vehicle attempted to turn left.  Thus, plaintiff has failed to prove that Drummond had been driving faster than the speed limit.

---

[7] $40\ mph = 40\frac{miles}{hour} \times \frac{5280\ feet}{1\ mile} = 211{,}200\frac{feet}{hour} \times \frac{1\ hour}{60\ minutes} \times \frac{1\ minute}{60\ seconds} \approx 58.7\frac{feet}{second}$

[8] $45\ mph = 45\frac{miles}{hour} \times \frac{5280\ feet}{1\ mile} = 237{,}600\frac{feet}{hour} \times \frac{1\ hour}{60\ minutes} \times \frac{1\ minute}{60\ seconds} \approx 66\frac{feet}{second}$

[9] $200\ feet \times \frac{1\ second}{58.7\ feet} \approx 3.4\ seconds$

[10] $200\ feet \times \frac{1\ second}{66\ feet} \approx 3.0\ seconds$

[11] Both plaintiff and Cruz testified that they saw Drummond's vehicle after Cruz's car inched forward and stopped, and after multiple cars in the opposing lanes of traffic had passed.

[12] Plaintiff testified that Cruz's acceleration of the vehicle was "normal."

7

There is also no reason to conclude that Drummond had not been paying attention while driving. Whereas plaintiff testified that he did not hear the sound of brakes, Drummond stated that she braked as hard as she could. Drummond testified that she had seen Cruz's vehicle from far away and that she had seen the vehicle inch forward before turning, consistent with both plaintiff's and Cruz's testimony. Neither plaintiff nor Cruz testified that he saw Drummond looking down or to the side, drifting the vehicle, or acting distracted in any other way. Plaintiff has not proven that Drummond had not been paying attention by a preponderance of the evidence.

## IV.   CONCLUSION

Because plaintiff has not shown that Drummond committed a negligent or wrongful act or omission causing the car accident in question, the court finds defendant **NOT LIABLE** with respect to plaintiff's claim under the Federal Tort Claims Act.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May, 2013.

s/Marcos E. López
U.S. Magistrate Judge